640 A.2d 939

**Mario LUDMER**

v.

**Maurice A. NERNBERG, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1994.

Filed April 21, 1994.

318

James R. Cooney, Pittsburgh, for appellant.

Seymour A. Sikov, Pittsburgh, for appellee.

Before BECK, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge.

Attorney Maurice A. Nernberg, Jr., appeals from the judgment entered following a jury award of $25,000 in compensatory damages and $50,000 in punitive damages to Mario Ludmer, M.D., in an action brought pursuant to the Wrongful Use of Civil Proceedings Act (the Act), 42 Pa.C.S. § 8351 *et seq.* We affirm.

In June 1984, Ludmer brought this civil action seeking damages pursuant to the Act, following the entry of summary judgment in his favor in an earlier case instituted by Nernberg against Ludmer, docketed at GD79–6085 in the Court of Common Pleas of Allegheny County, *aff'd, Nernberg v. Ludmer,* 313 Pa.Super. 596, 460 A.2d 847 (1983), *appeal denied,* September 14, 1983.

Nernberg filed preliminary objections alleging that since his action preceded the effective date of the Act, February 19, 1981, the Act did not apply. The trial court granted Nernberg's preliminary objections and dismissed Dr. Ludmer's complaint. Allegheny County Court of Common Pleas Docket No. G.D. 84–11881. On appeal, we reversed. *Ludmer v.*

*Nernberg,* 355 Pa.Super. 639, 509 A.2d 1325 (1986). The Supreme Court of Pennsylvania affirmed our determination, holding that Nernberg's actions were subject to the Act. *Ludmer v. Nernberg,* 520 Pa. 218, 553 A.2d 924 (1989). The underlying facts of this case, which are undisputed, were summarized as follows:

> [Dr.] Mario Ludmer, [a board certified neurosurgeon,] was the treating physician for one of [Nernberg]'s clients, [Margaret O'Toole,] in a personal injury lawsuit. In preparation for the litigation, [Nernberg] had requested that Dr. Ludmer prepare a written report of his examination and a diagnosis of the client's medical condition. Dr. Ludmer submitted a report and offered to testify at trial if necessary to clarify his position. During the personal injury trial, the defendant's wife became ill, resulting in the plaintiff instructing Nernberg to negotiate a settlement rather than seeking a continuance.
>
> After settling the personal injury action, [Nernberg] then commenced a lawsuit against [Dr. Ludmer] claiming that [Dr. Ludmer] did not properly cooperate with him in the preparation of the personal injury action and that [Dr. Ludmer] had interfered with the contractual relationship between [Nernberg] and his client. As a result of [Dr. Ludmer]'s actions, [Nernberg] alleged that he was forced to settle the personal injury action for less money. Following the completion of discovery, [Dr. Ludmer] filed a motion for summary judgment which was granted.

*Id.* at 219–220, 553 A.2d at 925. Following the subsequent jury trial in the present case, Ludmer was awarded damages of $75,000. This appeal followed the denial of Nernberg's motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

■■■ Our standard of review of an order denying judgment n.o.v. is limited: we must determine whether there was sufficient competent evidence to sustain the verdict. *Wenrick v. Schloemann–Siemag Aktiengesellschaft, et al.,* 523 Pa. 1, 4, 564 A.2d 1244, 1246 (1989). *See also Cummings v. Borough of Nazareth,* 427 Pa. 14, 25–26, 233 A.2d 874, 881 (1967), *appeal*

*after remand,* 430 Pa. 255, 242 A.2d 460 (1968); *Ingrassia Construction Co., Inc. v. Walsh,* 337 Pa.Super. 58, 64–65, 486 A.2d 478, 480 (1984). In so doing, we must grant the verdict winner the benefit of every inference which reasonably may be drawn from the evidence. We also must reject all unfavorable testimony and inferences. *Ingrassia, supra. See also Lira v. Albert Einstein Medical Center,* 384 Pa.Super. 503, 508, 559 A.2d 550, 552 (1989); *Jewell v. Beckstine,* 255 Pa.Super. 238, 386 A.2d 597 (1978). Judgment n.o.v. may be granted only in clear cases, where the facts are such that no two reasonable minds could fail to agree that the verdict was improper. *Gray v. H.C. Duke & Sons, Inc.,* 387 Pa.Super. 95, 563 A.2d 1201 (1989); *Frank v. Peckich,* 257 Pa.Super. 561, 391 A.2d 624 (1978). We note that judgment n.o.v. may not be employed to invade the province of the jury. Thus, questions of fact must be resolved by the jury. *Trawick v. Nationwide Mutual Insurance Co.,* 242 Pa.Super. 271, 363 A.2d 1265 (1976).

■ Our standard of review of an order denying a motion for a new trial is whether the trial court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the case. *Stevenson v. General Motors Corp.,* 513 Pa. 411, 413, 521 A.2d 413, 420–21 (1987); *see also Solomon v. Baum,* 126 Pa.Cmwlth. 646, 560 A.2d 878 (1989). The trial court's order must be affirmed if the record supports the decision of the trial court. *See Stevenson, supra.*

On appeal, Nernberg raises the following issues:

1. Did Ludmer fail to prove a *prima facie* case for wrongful use of civil proceedings?

2. Did the trial court improperly exclude evidence of rulings favorable to Nernberg in the underlying case?

3. Did the trial court err in permitting Ludmer's counsel to testify and to inject his personal opinions into the case?

4. Did the trial court improperly permit Ludmer's expert to testify beyond his report, and to express his opinion on the ultimate issue in the case?

5. Did the trial court err in submitting the issue of punitive damages to the jury?

6. Was Nernberg otherwise deprived of a fair trial?

■ Initially, Nernberg contends that Ludmer failed to prove a *prima facie* case for wrongful use of civil proceedings. We disagree. Wrongful use of civil proceedings "is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause." *Rosen v. Bank of Rolla*, 426 Pa.Super. 376, 380, 627 A.2d 190, 191 (1993), citing *Shaffer v. Stewart*, 326 Pa.Super. 135, 138, 473 A.2d 1017, 1019 (1984). This tort is now a statutory action and has been codified at 42 Pa.C.S. § 8351, as follows:

§ 8351. **Wrongful use of civil proceedings**

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a)(1)–(2).

■ To prevail in an action for wrongful use of civil proceedings, a plaintiff must prove: (1) the proceedings terminated in his or her favor; (2) the defendant caused those proceedings to be instituted without probable cause; and, (3) malice. *Rosen, supra*, 426 Pa.Super. at 382, 627 A.2d at 191–92. The statutory definition of this tort agrees with the Restatement (Second) of Torts § 674. *Robinson v. Robinson*, 362 Pa.Super. 568, 574, 525 A.2d 367, 370 (1987); *Shaffer v. Stewart, supra*, 326 Pa.Super. at 140, 473 A.2d at 1020.

■ As the trial court correctly noted, for Nernberg to succeed on a motion for judgment n.o.v., he must convince the

trial court that Dr. Ludmer had not satisfied each element of the cause of action. The plaintiff's burden of proof is as follows:

(1) The defendant has procured, initiated or continued the civil proceedings against him.

(2) The proceedings were terminated in his favor.

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in [the statute].

42 Pa.C.S. § 8354.

The trial court analyzed this issue as follows:

The jury found that Nernberg did not have probable cause to initiate a suit against Ludmer solely for the purpose of collecting a fee which [Nernberg] claimed was due him as a result of a third party action in which he represented a plaintiff (O'Toole) against a defendant. The evidence was clear that O'Toole never authorized the suit against Ludmer and that she never desired to be a party to that suit filed by Nernberg. In addition, Nernberg continued to prosecute that action even after the Court of Common Pleas of Allegheny County found that there was no merit to his claim and that the claim was personal to O'Toole. After receiving the Opinion to that effect from the Court, Nernberg continued to press the issue to the Superior Court which held that his claim against Ludmer was totally without merit. Notwithstanding the decision of the Superior Court, Nernberg petitioned for Allowance of Appeal in the Supreme Court which was summarily denied.

Trial Court Opinion of the Honorable Gerard M. Bigley, dated August 23, 1993, at 3–4.

Granting Dr. Ludmer, as the verdict winner, the benefit of every inference which reasonably may be drawn from the

evidence and rejecting all unfavorable testimony and inferences, we agree with the trial court and conclude that there was sufficient competent evidence to establish a *prima facie* case. Clearly, as the trial court determined, the jury was justified in its belief that Ludmer had met his burden to prove each element required by § 8354. *Id.*

■ Nernberg raises an additional argument. Nernberg asserts that Dr. Ludmer offered "no competent evidence whatsoever" that Nernberg acted for an improper purpose in the underlying case. Appellant's Brief at 16. As Ludmer observes in his brief at 13, Nernberg's unstated argument is that improper purpose can be established only by the defendant "confessing" that he acted for an improper purpose. Such arguments are not only unseemly, but contrary to the settled law of this Commonwealth.

In a similar case, *Shaffer v. Stewart, supra,* this Court found that there was evidence from which the jury could infer that the defendant acted for an improper purpose. There, the defendant, an attorney, after agreeing voluntarily to the dismissal of his clients' claims, knew that the persons on whose behalf he filed a *caveat* to a will had no standing to contest the probate of the decedent's will. *Id.* at 142, 473 A.2d at 1020–21. *Cf., Panitz v. Behrend,* 429 Pa.Super. 273, 632 A.2d 562 (1993) (allowing a party to litigation to contract with an expert witness and thereby obligate the witness to testify only in a manner favorable to that party on threat of civil liability would be contrary to public policy).

■ Here, Nernberg had previously advised Mrs. O'Toole by letter that he would take no action without her consent; this letter implicitly acknowledged that her consent was required to bring an action against Dr. Ludmer. However, Mrs. O'Toole responded that she would not be a party to such an action. N.T., November 9–10, 12, 1992, at 290–92. Nernberg brought the suit against the express wishes of his client. Indeed, this is evident from Nernberg's testimony: Nernberg testified that (1) Mrs. O'Toole did not know that the underlying action had been filed by Nernberg against Dr.

Ludmer at the time it was filed; (2) it was three to four months later that she discovered Dr. Ludmer had been sued; (3) if consulted she would not have joined such an action; (4) she had no claim against Dr. Ludmer; and, (5) she was never asked to be a party to the action. *Id.* at 277–92. Moreover, it is the function of the jury to evaluate evidence adduced at trial to reach a determination. *Riddle Memorial Hospital v. Dohan,* 504 Pa. 571, 475 A.2d 1314 (1984). Where, as here, a verdict is based on substantial, albeit, conflicting evidence, it is conclusive on appeal. *Standard Pipeline Coating Co., Inc. v. Solomon & Teslovich, Inc.,* 344 Pa.Super. 367, 496 A.2d 840 (1985), *appeal denied,* October 30, 1986. It is not the role of an appellate court to pass on the credibility of witnesses or to act as the trier of fact; we will not substitute our judgment for that of a fact-finding jury. *Id.*

Next, Nernberg contends that the trial court improperly excluded rulings favorable to him in the underlying case. Questions concerning the admission or the exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. *Engle v. West Penn Power Co.,* 409 Pa.Super. 462, 598 A.2d 290 (1991), *appeal denied,* 529 Pa. 669, 605 A.2d 334 (1992) (table); *Concorde Investments, Inc., v. Gallagher,* 345 Pa.Super. 49, 497 A.2d 637 (1985). Nonetheless, Nernberg argues that in the underlying case the dismissal of Dr. Ludmer's demurrer to the complaint and the grant of a motion to permit the taking of depositions are conclusive evidence that Nernberg had probable cause in the underlying case. In support of this contention, Nernberg's Brief quotes a fragment of the Restatement (Second) of Torts § 675, Comment *b,* as follows:

> A decision by a competent tribunal in favor of the person initiating civil proceedings is conclusive evidence of probable cause. This is true although it is reversed on appeal and finally terminated in favor of the person against whom the proceedings were brought.

Comment *b* to Section 675 is incomplete as quoted by Attorney Nernberg. The first paragraph of Comment *b*, in full text, begins:

*b. Effect of termination in favor of the person against whom the proceedings were brought.* As in the case of the initiation of criminal proceedings, a decision by a competent tribunal in favor of the person initiating civil proceedings is conclusive evidence of probable cause. This is true although it is reversed on appeal and finally terminated in favor of the person against whom the proceedings were brought. Likewise, a termination of civil proceedings by a competent tribunal adverse to the person initiating them is not evidence that they were brought without probable cause (citations omitted).

From the context of Comment *b*, it is apparent that "decision" refers to the termination of the proceedings and not to decisions on procedural matters prior to the termination of the case. Moreover, the cases upon which Nernberg relies are inapposite. *Miller v. Pennsylvania Railroad Co.*, 371 Pa. 308, 89 A.2d 809 (1952); *Kelley v. Local Union 249*, 518 Pa. 517, 544 A.2d 940 (1988); and, *De Salle v. Penn Central Transportation Co.*, 263 Pa.Super. 485, 398 A.2d 680 (1979), concern malicious prosecution, not wrongful use of civil process. *Miller* and *De Salle* both involve plaintiffs who were indicted by grand juries and held for court by district magistrates. In *Kelley*, the plaintiff was also held for court by a district magistrate after the district attorney had approved criminal charges.

The Restatement (Second) of Torts § 663(2) states that in criminal proceedings, "[t]he magistrate's commitment of the accused is evidence that the person initiating the proceedings had probable cause." Hence, it was undisputed that the three individuals who initiated proceedings in these malicious prosecution cases had probable cause despite the acquittal of the three plaintiffs in the underlying criminal actions. However, the action brought by Attorney Nernberg was civil. No district magistrate held Dr. Ludmer for court and there was disputed testimony as to probable cause. Here, the jury

determined that Attorney Nernberg lacked probable cause. Factual conflicts are for the jury to resolve, not this Court. *Miller, supra.* We find this contention to be without merit.

Next, Nernberg complains that the trial court improperly allowed Dr. Ludmer's counsel to testify regarding legal fees. Nernberg also asserts that, by testifying, Dr. Ludmer's counsel violated Rule 3.7 of the Pennsylvania Rules of Professional Conduct. Appellant's Brief at 22. He is mistaken. In his Brief, at 24, Nernberg quotes what he calls the "relevant part" of Rule 3.7, as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness

. . . .

However, Rule 3.7 reads, in pertinent part, as follows:

**Rule 3.7 Lawyer as witness**

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

. . . .

(2) the testimony relates to the nature and value of legal services rendered in the case;

. . . .

In addition, it is well-established that violations of the rules of professional responsibility are not a proper subject for the consideration of any tribunal other than those authorized by the Pennsylvania Supreme Court. *Reilly by Reilly v. South-eastern Pa. Transportation Authority,* 507 Pa. 204, 489 A.2d 1291 (1985). This claim is baseless.

Nernberg also complains that Dr. Ludmer's counsel testified as to his "beliefs." Nernberg objected to only one of these remarks and this objection was sustained by the trial court. Since no objection to the remaining remarks was raised at trial, we deem this issue waived. *See* Pa.R.A.P. 302; 2117(c).

Next, Nernberg contends that the trial court improperly admitted testimony of an expert witness for Dr. Ludmer.

Nernberg then presents us with a critique of that testimony. The trial court is granted broad discretion in determining whether testimony of a particular expert ought to be admitted in a case, and unless there is a clear abuse of that discretion, no basis for reversal will be established. *Bowser v. Lee Hospital*, 399 Pa.Super. 332, 582 A.2d 369 (1990), *appeal denied*, 527 Pa. 614, 590 A.2d 755 (1991). Again, our review of this record fails to disclose error by the trial court.

 Nernberg also alleges that the trial court erred in submitting the issue of punitive damages to the jury. However, this allegation ignores the statute which expressly provides for punitive damages. 42 Pa.C.S. § 8353(6). Nernberg makes the audacious assertion that the trial court's instruction that the jury consider both Nernberg's net worth and his financial status was in violation of an earlier order of Judge Musmanno "dated January 3, 1992, which held that *only* Nernberg's net worth would be admissible on the issue of punitive damages." Appellant's Brief at 33 (emphasis added). The relevant paragraph of Judge Musmanno's Order reads as follows:

> It is further ORDERED and DECREED that Defendant Maurice A. Nernberg, Jr., shall forward within forty-five (45) days from the date hereof to counsel for the Plaintiff, Seymour A. Sikov, Esquire, his current net worth statement, same to reflect the Defendant's net worth as of a date no later than ninety (90) [days] prior to the date hereof, this to be under verification of the Defendant, same not to be filed of record and same not to be disclosed to any third party without Order of Court.

It is readily apparent that the word *"only"* does not appear in this paragraph. In addition, the following exchange took place with respect to this jury instruction:

> THE COURT: Yeah. So that will read, "In assessing punitive damages you may consider the Defendant's net worth and financial condition. You heard testimony from Attorney Nernberg regarding these matters." I'm going to use [that], okay.

Mr. Beldon (counsel for Attorney Nernberg): That's fine.

THE COURT: All right.

N.T., November 18–20, 1992, at 1341. We find this claim to be waived on the basis of *Dilliplane v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). *Dilliplane* requires that trial counsel make timely, specific objections during trial to "ensure that the trial judge has a chance to correct alleged trial errors" at trial and to allow the "orderly and efficient use of our judicial resources" as well as to reduce the need for appellate review and new trials. *Id.* at 258–59, 322 A.2d at 116. This contention has been waived.

Finally, Nernberg maintains that he was denied a fair trial. This claim is supported by a ten page list of numerous rulings by the trial court, approximately fifty in number, and a claim that these errors, when considered together, deprived him of a fair trial. We disagree. From our review of this record, we conclude that Nernberg's contention that he was denied a fair trial is without merit.

Accordingly, for the foregoing reasons, we affirm the judgment entered by the trial court on June 10, 1993.

Judgment Affirmed.