Matthew W. BOTSFORD, Jr. and Edward D. Neese, Individually and as Shareholders/Directors on Behalf of World Class Processing, Inc. and World Class Processing, Inc., Appellants

v.

Cornelius T. DUGAN, III, Jack Teitz, Carl Sorenson, Roy V. Gavert, Jr., AT&T Capital Corp., and AT&T Commercial Finance Corporation, Appellees. (Two Cases).

Superior Court of Pennsylvania.

Argued Feb. 1, 2000.

Filed July 6, 2000.

Reargument Denied Sept. 11, 2000.

Richard B. Sandow, Pittsburgh, for appellants.

George E. Yokitis, Pittsburgh, for AT&T, appellee.

Edward B. Friedman, Pittsburgh, for Dugan, Teitz, Sorenson, and Gavert, appellees.

Before DEL SOLE, EAKIN and TODD, JJ.

DEL SOLE, J.:

¶ 1 This appeal follows the entry of a final decree and the grant of summary judgments in favor of Appellees (defendants) and against Appellants (plaintiffs). We affirm.

¶ 2 Appellants initiated this action and filed a second amended complaint setting forth causes of action in equity and law. Appellants' claims were prompted by ac-

tion taken at a meeting of the Board of Directors of Appellee, World Class Processing, Inc. (WCP), wherein resolutions were passed removing Appellants, Botsford and Neese, as officers of the company and terminating their employment. The trial court bifurcated the equity and law claims and proceeded initially on the equity counts. The Honorable Joseph James sitting as chancellor held a non-jury trial lasting over 14 days, following which the court entered 117 Findings of Fact, Conclusions of Law and a Decree Nisi. All matters were determined in favor of the Appellees and against Botsford and Neese. A motion for post-trial relief was filed. The motion was denied and the court entered a Final Decree. Thereafter Appellees moved for summary judgment on all remaining causes of action at law. Botsford and Neese also moved for partial summary judgment. The trial court heard oral argument and thereafter entered two orders, granting summary judgment in favor of Appellees and denying Appellants' motion for partial summary judgment. This timely appeal followed.

¶ 3 On appeal Appellants challenge the trial court's failure to grant relief on the equity counts and the court's entry of the summary judgment orders on their claims at law. We begin by noting that the trial court acted within its discretionary authority in deciding to rule on the equity claims first. Appellants sought equitable relief in their Complaint, which matters are to be resolved non-jury, thus they cannot complain that the court elected to consider those claims prior to ruling on the matters at law.[1] The trial court then determined that the remaining matters would also be determined non-jury and later entered an order granting summary judgment in favor of Appellees. Any complaints Appellants have regarding the trial court's refusal to afford them a jury trial are of no moment because the claims

at law were decided on summary judgment.

¶ 4 We also find the trial court properly considered its findings of fact as binding when ruling on the summary judgment motions. The common law doctrine of *res judicata,* including the subsidiary doctrine of collateral estoppel, is designed to prevent the relitigation by the same parties of the same claim or issues. *Elkin v. Bell Tel. Co.,* 491 Pa. 123, 420 A.2d 371 (1980). In the equity action the trial court was asked to consider whether the board of directors acted properly in removing Appellants as officers and terminating their employment. The court found that this action was justified due to Appellants' conduct which placed the corporation in financial jeopardy with its primary creditor. The court found Appellants continued to expend funds in an effort to proceed with a mini-mill project in violation of a specific agreement to refrain from such action. Further, the court determined the creditor acted within its rights under the loan documents to protect its loan and that the Appellees were acting in good faith when voting to remove Appellants from the company. Based upon the facts established, the court further found that Appellants failed to establish that Appellees breached any fiduciary duty or acted in self-dealing.

¶ 5 We conclude that the court's findings are supported by the record. We note it is not the role of an appellate court to pass on the credibility of witnesses or to act as the trier of fact, and an appellate court will not substitute its judgment for that of the fact-finder. *Ludmer v. Nernberg,* 433 Pa.Super. 316, 640 A.2d 939 (1994). These factual findings provide sound justification for the court's summary judgment ruling. Finding no abuse of discretion or errors of law in the trial court's

---

1. Appellants chose to file a single complaint in this case asserting causes of action in equity and law, rather than asserting separate actions in equity and at law. The rules of Civil Procedure contemplate the filing of a single complaint which contains two or more causes of action only where both are cognizable in equity. Pa.R.C.P. 1508.

actions, we affirm the court's ruling finding that Appellants' claims must fail.

¶ 6 Orders affirmed.