2000 OK CIV APP 120

**BAYTIDE PETROLEUM, INC,**
**an Oklahoma corporation,**
**Plaintiff/Appellant,**

v.

**WHITMAR EXPLORATION COMPANY,**
**an Oklahoma corporation,**
**Defendant/Appellee.**

No. 93219.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Oct. 26, 2000.

Steven A. Heath, Kivell, Rayment, Francis, Coulson & Heath, Tulsa, OK, for Plaintiff/Appellant.

Keith F. Sellers, James D. Bryant, Holliman Langholz Runnels Forsman & Sellers, P.C., Tulsa, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Judge:

¶1 Baytide Petroleum, Inc.'s lawsuit against WhitMar Exploration Company was bifurcated, with the action on accounting tried first. After entering judgment on the equitable accounting claim, WhitMar filed a motion for summary judgment alleging that there were no material disputed facts with respect to the tort claims and that it was entitled to judgment as a matter of law. The motion for summary judgment was sup-

ported by the findings made in the equity action. We affirm the trial court's order on the accounting claim but reverse the grant of summary judgment in favor of WhitMar on the tort claims.

¶2 Collins Food International and WhitMar entered into a joint venture agreement, which lasted from 1983 through 1986, for the exploration, development and production of oil and gas. It involved 48 different prospects, more than 19,000 acres, 26 wells and millions of dollars. In late 1986, Baytide bought Collins' interest in the joint venture. WhitMar refused to accept the substitution of Baytide as a joint venturer. Consequently, Collins terminated the joint venture effective February 1, 1987 and assigned its interest to Baytide. WhitMar, as manager of the joint venture, submitted a final accounting November 13, 1987.

¶3 On October 8, 1991, Baytide sued WhitMar for an accounting of assets, profits and losses with respect to the dissolution of the joint venture. In December 1994, Baytide filed a first amended petition alleging fraud and deceit, as well conversion. The conversion claim did not survive. The action for accounting was tried to the court beginning March 31, 1997 and continued for five days. The court entered its nineteen page judgment August 13, 1997. In summary, it found that the 1987 accounting should not be adjusted. It also found that pass schedule adjustments should only be made for post-termination events. Consequently, it allowed $9,558 relating to the Holmes sale; $1,234 relating to geologist overrides; $516 for allocation of volume discounts; and $37 for the Pleasant View Re-entry. The total damages award to Baytide was $204,846 for leasehold re-payment and $11,343 for pass schedule adjustments relating to post-termination accounting.

¶4 With respect to the action on the accounting, Baytide raises the following issues on appeal:

1. The court erred when it found that WhitMar did not owe a fiduciary duty to the liquidation joint venture interest owned by Baytide as Collins' assignee;

2. The court erred when it admitted evidence of settlement negotiations of a failed

settlement among and between Collins, Baytide and WhitMar, which it then relied upon to find a tacit agreement by Collins and Baytide to the 1987 accounting;

3. The court erred when it found that the 1987 accounting was a full and complete accounting of the joint venture liquidation;

4. The court erred when it found that Baytide was not entitled to prejudgment interest;

5. The court erred when it found that WhitMar had accurately reported leasehold acquisition expenses and properly accounted for expired leasehold expenses;

6. The court erred when it found that the sale of assets to Mustang was properly accounted for;

7. The court erred when it found that WhitMar had fully and properly accounted for the East Hector revenues;

8. The court erred when it found that WhitMar had properly accounted because the court in contradiction to such ruling gave Baytide judgment for its complaints regarding the Ditmore sale, the Holmes sale, the NRI skims, and the discounts; and

9. The court erred when it refused to consider Baytide's investigative costs and damages.

¶ 5 Actions for accountings are equitable in nature. "In a cause of equitable cognizance, the presumption is in favor of the trial court's judgment, and such judgment will not be disturbed on appeal unless against the clear weight of the evidence." *Moree v. Moree,* 1962 OK 95, 371 P.2d 719, syllabus by the court, ¶ 3. The appellate court examines the record and weighs the evidence, but unless the judgment "is clearly against the weight of the evidence or contrary to law, the trial court's decision will be affirmed." *In the Matter of the Edwards Irrevocable Trust,* 1998 OK CIV APP 144, 966 P.2d 810, 811.

¶ 6 We have read the record and find that the trial court's judgment is neither against the clear weight of the evidence nor contrary to law. We have considered the contentions

of error, but find no reason for modifying the trial court's judgment. Consequently, with respect to the trial court's decision on the accounting, we find that the findings of fact are adequately supported by the evidence and that the nineteen page decision thoroughly and adequately explains the decision. Therefore, we summarily affirm that part of the judgment. 12 O.S. Ch. 15, App, Supreme Court Rule 1.202(b)(d).

¶ 7 However, we find the grant of summary judgment, based on findings from the accounting trial, was granted erroneously. As the United States Supreme Court stated in *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959):

If there should be cases where the availability of declaratory judgment or joinder in one suit of legal and equitable causes would not in all respects protect the plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the legal cause, the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first. Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, that discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial.

¶ 8 In a bifurcated action, the trial court has discretion in trying either the equity or legal claims first. Whether equitable findings are binding when subsequent legal issues are tried, however, is not well-settled. The better reasoned view is that the findings of fact in the equity action cannot limit a party's right to try his legal claims. Otherwise, a party's right to have the tort claims tried by a jury will be deprived by factual findings by the court in the equitable trial.

¶ 9 Opposing views are reflected in the following cases. In *Arntz Contracting Co. v. St. Paul Fire and Marine Ins. Co.,* 47 Cal. App.4th 464, 54 Cal.Rptr.2d 888, 901 (1996)[1],

---

1. "Issues adjudicated in earlier phases of a bifurcated trial are binding in later phases of that trial and need not be relitigated." (See *Golden West*

*Baseball Co. v. City of Anaheim,* 25 Cal.App.4th 11, 50, 31 Cal.Rptr.2d 378 (1994) [bench resolution of bifurcated equitable issues eliminated

the California court noted that the earlier findings could not be *res judicata* because winding up the first part of a bifurcated proceeding was not a final order. A Pennsylvania court, however, allowed findings of fact in the equity portion of a bifurcated proceeding to be binding when it ruled on the subsequent summary judgment motion based on either *res judicata* or equitable estoppel to prevent relitigation by the same parties of the same claim or issues. *Botsford v. Dugan,* 758 A.2d 667 (Sup.Ct.Penn.2000).

¶ 10 In this case, we are mindful of the general rules espoused in *I.C. Gas Amcana, Inc. v. Hood,* 1992 OK 119, 855 P.2d 597. The right to a jury trial in civil cases is guaranteed by Article 2, § 19 of the Oklahoma Constitution. A jury trial will be denied only where the issues are of purely equitable cognizance. "Furthermore, when an equity cause of action and law claim are involved in one suit, the trial court at its discretion may submit the equity case to the jury, but it is its duty to submit the law case to the jury for determination." *Id.* at 599.

¶ 11 The Oklahoma Supreme Court then determined that Hood's assertion of fraud in entering an agreement was the paramount issue in the case. As a result, the decision denying a jury trial on the fraud issues was reversed.

¶ 12 In the instant case, we cannot say, nor did the trial court hold, that the accounting claim was so paramount that this was a purely equitable action so that all issues were to be tried to the Court. Rather, the trial court bifurcated the equitable and legal issues. Absent a holding by the trial court that equitable issues were paramount, and all issues would be tried to the court, it follows that Baytide was entitled to a jury trial unless summary judgment was appropriate.

¶ 13 We are not holding that the summary judgment on the tort claims is inappropriate. We only hold that the motion for summary judgment on the fact questions ma-

terial to the tort claims must be supported by admissible evidence as is usual in summary judgment cases. Absent a showing that the issues were properly and actually litigated during the equity part of the lawsuit, a summary judgment movant may not rely on factual findings made by the trial court in the accounting trial in support of a motion for summary judgment on the tort claims. We also do not foreclose an argument that there should not be a jury trial in this case. That is a matter that should be argued and briefed by the parties and decided by the court in the first instance.

¶ 14 For the reasons stated, the judgment on the accounting is AFFIRMED, but the grant of summary judgment is REVERSED AND REMANDED with directions to proceed in a manner consistent with this opinion.

CARL B. JONES, P.J., and GARRETT, J., concur.

---

need for a second-phase jury trial on legal issues]; *Estate of Kennedy,* 135 Cal.App.3d 676, 682–683, 185 Cal.Rptr. 540 (1982) [bench resolution of bifurcated legal issues eliminated need for second-phase jury trial on factual issues].) No other rule is possible, or bifurcation of trial is-

sues would create duplications subverting the procedure's goal of efficiency. (Code Civ.Proc. § 598.) "[D]uplication of effort is the very opposite of the purpose of bifurcated trials." (*Foreman & Clark Corp. v. Fallon,* 3 Cal.3d 875, 888, 92 Cal.Rptr. 162, 479 P.2d 362 (1971)).