Debra A. BELL, Appellant,

v.

Edward J. FERRARO and Christina Turdo,[1] Appellees.

Superior Court of Pennsylvania.

Argued Oct. 28, 2003.
Filed April 28, 2004.

---

1. Ms. Turdo was added as a third party defendant in relation to a *lis pendens* filed in the divorce action. She has not participated in this appeal.

Holly B. Conway, Stroudsburg, for appellant.

Mary L. Parker, Stroudsburg, for Ferraro, appellee.

Jennifer H. Sibum, Stroudsburg, for Turdo, appellee.

Before: DEL SOLE, P.J., HUDOCK and TODD, JJ.

DEL SOLE, P.J.

¶ 1 Debra Bell appeals from the decree granting Appellee's Petition for Declaratory Judgment pursuant to 23 Pa.C.S.A. § 3306, and finding that no common law marriage existed between the parties.[2] We affirm.

¶ 2 Appellant filed a complaint for divorce alleging that she and Appellee entered into a common law marriage. Appellee filed an answer denying the common law marriage and subsequently filed a petition for declaratory judgment pursuant to 23 Pa.C.S.A. § 3306. After a hearing, the court determined that no common law marriage existed and granted Appellee's petition.

¶ 3 Both parties testified and also presented documentary evidence to support their respective positions. Appellant presented an "Affidavit of Common Law Marriage" which was signed by both parties,

---

**2.** We recognize that the Commonwealth Court has purported to prospectively abolish common law marriage in the context of Workers' Compensation Claims. *PNC Bank Corp. v. W.C.A.B.*, 831 A.2d 1269 (Pa.Cmwlth. 2003). We point out, however, that (1) we are not bound by decisions of the Commonwealth Court, and (2) both this Court and our Supreme Court have declined the invitation to abolish common law marriage, deferring such action to the legislature. *See e.g., Staudenmayer*, 552 Pa. 253, 714 A.2d 1016 (1998); *Interest of Miller*, 301 Pa.Super. 511, 448 A.2d 25 (1982).

as well as correspondence referring to the parties as married. Appellee presented deeds executed subsequent to the affidavit which evidenced the parties' purchase of real estate as single individuals as well as tax returns in which Appellant's status was listed as "Head of Household"[3] and Appellee's status was listed as "Single." Regarding the "Affidavit of Common Law Marriage," Appellant testified that the parties did indeed exchange the requisite *verba in praesenti* and that they informed their friends and relatives of the marriage. Appellee testified that the affidavit was executed solely to enable him to add Appellant to his health insurance and that they did not present themselves to the community as married persons.

¶ 4 On appeal, Appellant argues that she did present sufficient evidence to establish a common law marriage and that the court erred in finding that the parties were not married. After careful review of the evidence presented and the applicable case law, we are unable to agree with Appellant's position.

¶ 5 A common law marriage can only be created by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by such exchange. *Staudenmayer v. Staudenmayer*, 552 Pa. 253, 714 A.2d 1016 (1998). The burden to prove a common law marriage rests on the proponent of the marriage and such a claim must be reviewed with great scrutiny.[4] *Id.* Moreover, on review of the trial court's determination, we cannot disturb that court's factual findings as long as there is sufficient evidence to support them. *Commonwealth ex rel. Pilla v. Pilla*, 189 Pa.Super. 302, 150 A.2d 365 (1959).

¶ 6 Presently, the parties presented conflicting evidence and testimony. The trial court specifically determined that Appellee's testimony was more credible. Trial Court Opinion, 2/12/03, at 6. It is not the role of an appellate court to pass on the credibility of witnesses or to act as the trier of fact, and we will not substitute our judgment for that of the fact-finder. *Ludmer v. Nernberg*, 433 Pa.Super. 316, 640 A.2d 939 (1994).

¶ 7 Regarding the Affidavit of Common Law Marriage, we recognize that it is admissible and probative evidence. It is not, however, irrebuttable evidence. The statute which allows the contents of a notarized document to be admitted as proof of the facts stated therein, also recognizes that a litigant "may be permitted to contradict by other evidence any such certificate." 42 Pa.C.S.A. § 6105(a) That is precisely what happened in the present case when Appellee testified that the affidavit was intended solely to allow Appellant to be added to his health insurance. As the trial court made a specific determination that this testimony was more credible than Appellant's, we cannot find error or an abuse of discretion in the trial court's finding that the affidavit was not dispositive.

¶ 8 As there is sufficient evidence to support the trial court's determination, and no error of law is alleged or argued, we affirm the court's decree finding no common law marriage between the parties.

¶ 9 Decree affirmed.

---

3. Appellant had children from a previous relationship.

4. Indeed, our Supreme Court has stated that common law marriages "are tolerated, but not encouraged" and claims for the existence of a common law marriage present a "fruitful source of perjury and fraud ...." *Staudenmayer*, 714 A.2d at 1019.