Robert A. KORN, Jerome N. Kline, and Alan R. Kutner, Appellees,

v.

Ellyn M. EPSTEIN and DeSimone Reporting Group, Inc., Appellees.

Appeal of Ellyn M. Epstein, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1998.
Filed March 16, 1999
Reargument Denied May 12, 1999.

---

Stephen R. Bolden, Philadelphia, for appellant.

Mark D. Abramson, Plymouth Meeting, for appellees.

Before CAVANAUGH, LALLY–GREEN and HESTER, JJ.

HESTER, Judge:

¶ 1 Ellyn M. Epstein appeals from the judgment entered in the Court of Common Pleas of Philadelphia County on April 3, 1998. For the reasons set forth below, we affirm.

¶ 2 The facts and procedural history of this case may be summarized as follows. DeSimone Reporting Group, Inc. ("DeSimone"), provided court-reporting services to the Philadelphia law firm of Korn, Kline & Kutner, a professional corporation, from 1981 until the latter's dissolution in mid–1991. The shareholders of Korn, Kline & Kutner subsequently contacted its vendors, advised them of the dissolution, and indicated that the corporation would try to satisfy all outstanding obligations. Despite that notice, the corporation failed to pay for more than $10,000 worth of services provided by DeSimone.

¶ 3 On March 19, 1993, while acting as DeSimone's counsel in its efforts to recover the unpaid fees, Appellant instituted suit against the corporation and three of the attorneys employed by it, Robert A. Korn, Jerome N. Kline, and Alan R. Kutner, Appellees. Appellees subsequently contacted Appellant, advised her that they were not responsible for corporate debts, demanded their dismissal from the action, and threatened further litigation. Appellant responded with a letter seeking permission to amend her complaint to clarify the grounds for asserting individual liability. In a post-script to that letter, Appellant indicated that DeSimone authorized her both to proceed with the suit and to discuss settlement.

¶ 4 Appellant, who ultimately made several other references to settlement, later amended her complaint. In the amended complaint, Appellant relied upon a November 7, 1990 letter by Geraldine Zaretsky, a member of the accounting department at Korn, Kline & Kutner, to support the claim of individual liability. That letter, which was written on corporate letterhead in response to a number of invoices, advised a representative of DeSimone that those bills related to a bankrupt client, that the corporation expected to receive payment from Bankruptcy Court within sixty days, and that payment would be forwarded at that time. Ms. Zaretsky also stated, "Please be assured that should the Courts not issue the funds by the 60 days time limit Korn, Kline & Kutner will pay you direct." Plaintiff's Trial Exhibit 4. Although Ms. Zaretsky previously advised Appellant that all corporate expenses were paid by the corporation and that nothing was undertaken by the shareholders individually, see N.T. Deposition, 11/30/93, at 63, 70–71, she treated the phrase "Korn, Kline & Kutner" as a reference to Appellees in their individual capacity. As a result, she construed the letter as a promise by Appellees

to answer for the corporate debt. She alleged that the promise induced DeSimone to continue to provide services to the corporation.

¶ 5 On November 30, 1993, Appellant, who had conducted no discovery to that point, deposed Ms. Zaretsky. The next day, the parties adjudicated the matter before a board of arbitrators. The board, which found in favor of Appellees with respect to the claims of individual liability, awarded DeSimone $10,000 on its cause of action against the corporation. Appellant did not file an appeal on behalf of DeSimone from that decision.

¶ 6 On April 11, 1994, contending that Appellant and DeSimone lacked probable cause to sue them individually and that their purpose in doing so was improper, Appellees filed a complaint against them for wrongful use of civil proceedings. Consequently, Appellees requested an award encompassing expenses incurred in defending the prior suit, the specific pecuniary losses stemming from that suit, the resulting emotional distress, and punitive damages. Following the effectuation of service, Appellant filed an answer in which she asserted that she acted with probable cause, in good faith, in the best interest of her client, and while discharging the duties imposed upon her as an attorney. In its answer and new matter, DeSimone similarly alleged that it acted in good faith and raised numerous defenses.

¶ 7 On January 31, 1995, Appellees amended their complaint to include a demand for damages for defamation. Three weeks later, a board of arbitrators found in favor of DeSimone. However, the board found Appellant liable and awarded Appellees $27,500 each in damages. Appellant then filed a notice of appeal from that decision, and DeSimone moved for summary judgment. On September 5, 1995, the trial court concluded that Appellees could not prove their claim against DeSimone since DeSimone relied upon Appellant's advice. Thus, the court granted DeSimone's summary judgment motion. We later quashed Appellees' interlocutory appeal from that decision due to the failure of the trial court to amend the summary judgment order within thirty days of

its entrance to include a determination that an appeal would facilitate the resolution of the entire case. *See Korn v. Desimone Reporting Group*, 454 Pa.Super. 273, 685 A.2d 183 (1996).

¶ 8 On November 26, 1997, trial on the matter commenced. Several days later, the trial court rendered a decision in favor of Appellees and ordered Appellant to pay $9,000 in damages to Mr. Korn, $4,600 in damages to Mr. Kline, and $6,900 in damages to Mr. Kutner. Appellant subsequently filed post-trial motions seeking judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied Appellant's requests for relief, finding with respect to the former that Appellant had no probable cause for continuing the suit against Appellees to arbitration and that her motive in doing so was to induce them to settle the action relating to the corporate debt. Trial Court Opinion, 6/25/98, at 6–10. This timely appeal followed the entrance of judgment on the trial court's decision.

¶ 9 Appellant initially challenges the trial court's determination that she lacked probable cause to proceed against Appellees individually. Appellant also questions the propriety of the court's related conclusion that she possessed an improper motive in continuing the suit against Appellees to arbitration. *See* Appellant's brief at n. 4. Although Appellant's argument contains no explicit reference to her post-trial motions, it implicitly asserts that the trial court's denial of the motion for judgment notwithstanding the verdict was erroneous. Our standard for reviewing such an assertion is well established.

We must determine whether there was sufficient competent evidence to sustain the verdict. *Wenrick v. Schloemann-Siemag Aktiengesellschaft, et al.*, 523 Pa. 1, 4, 564 A.2d 1244, 1246 (1989). *Ingrassia Construction Co. v. Walsh*, 337 Pa.Super. 58, 61, 486 A.2d 478, 480 (1984). In so doing, we must grant the verdict winner the benefit of every inference which reasonably may be drawn from the evidence. We also must reject all unfavorable testimony and inferences. *Ingrassia, supra. See also Lira v. Albert Einstein Medical*

*Center*, 384 Pa.Super. 503, 508, 559 A.2d 550, 552 (1989); *Jewell v. Beckstine*, 255 Pa.Super. 238, 386 A.2d 597 (1978). Judgment n.o.v. may be granted only in clear cases, where the facts are such that no two reasonable minds could fail to agree that the verdict was improper. *Gray v. H.C. Duke & Sons, Inc.*, 387 Pa.Super. 95, 563 A.2d 1201 (1989); *Frank v. Peckich*, 257 Pa.Super. 561, 391 A.2d 624 (1978).

*Schneider v. Lindenmuth–Cline Agency*, 423 Pa.Super. 73, 620 A.2d 505, 507 (1993); *see also Somerset Community Hospital v. Allan B. Mitchell & Associates*, 454 Pa.Super. 188, 685 A.2d 141, 146 (1996). Keeping these principles in mind, we consider the propriety of the trial court's decision.

Wrongful use of civil proceedings "is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause." *Rosen v. Bank of Rolla*, 426 Pa.Super. 376, 380, 627 A.2d 190, 191 (1993), citing *Shaffer v. Stewart*, 326 Pa.Super. 135, 138, 473 A.2d 1017, 1019 (1984). This tort is now a statutory action and has been codified at 42 Pa.C.S. § 8351, as follows:

> **§ 8351. Wrongful use of civil proceedings**
>
> **(a) Elements of action.**— A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:
>
> > (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> >
> > (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a)(1)–(2).

*Ludmer v. Nernberg*, 433 Pa.Super. 316, 640 A.2d 939, 942 (1994); *see also Broadwater v. Sentner*, 725 A.2d 779 (Pa.Super.1999).

¶ 10 In order to prevail in such an action, a plaintiff must establish the following:

> (1) The defendant has procured, initiated or continued the civil proceedings against him.
>
> (2) The proceedings were terminated in his favor.
>
> (3) The defendant did not have probable cause for his action.
>
> (4) The primary purpose for which the proceedings were brought was not securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.
>
> (5) The plaintiff has suffered damages. . . .

42 Pa.C.S.A. § 8354. This formulation of the tort's elements conforms to that set forth in Restatement (Second) of Torts § 674. *Ludmer, supra* ; *see also Shaffer v. Stewart*, 326 Pa.Super. 135, 473 A.2d 1017 (1984). Comment d to that section discusses the liability of attorneys for wrongful use of civil proceedings and, in part, provides:

> An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is not liable if he has probable cause for his action . . . and even if he has no probable cause and is convinced that his client's claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. . . . An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.
>
> If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person.

Restatement (Second) of Torts § 674, comment d; *see also Broadwater, supra* ; *Meik-*

*sin v. Howard Hanna Co.*, 404 Pa.Super. 417, 590 A.2d 1303, 1305 (1991); *Shaffer, supra.*

¶ 11 Ordinarily, a person possesses probable cause to initiate or continue a lawsuit if he reasonably believes in the existence of the facts upon which the claim is based and satisfies one of several conditions. One such condition relates to a reasonable belief that the claim may be valid under existing or developing law. 42 Pa.C.S.A. § 8352(1); *Broadwater, supra.* Another specifically concerns attorneys. It is satisfied if the attorney believed in good faith that the initiation or continuation of the suit was not intended merely to harass or maliciously injure the other party. *See* 42 Pa.C.S.A. § 8352(3); *Broadwater, supra.* Thus, the elements of probable cause and motive are intertwined.

■ ¶ 12 We now address whether the record establishes that Appellees proved the existence of those elements. Recognizing that the corporation was an entity separate and apart from Appellees, Appellant premised her claim of individual liability upon an alleged promise to answer for a debt of another. It is clear in this Commonwealth that such a promise is unenforceable unless it is in writing and signed by the party to be charged therewith or his authorized representative. *See* 33 P.S. § 2. Appellant relied upon the November 7, 1990 letter written by Ms. Zaretsky to support the cause of action. While that letter was written on corporate letterhead, referred to Ms. Zaretsky as a member of the accounting department, and mentioned the corporate name, it contained no explicit reference to Appellees individually. Moreover, as her deposition testimony demonstrates, Ms. Zaretsky told Appellant prior to the date on which the amended complaint was filed that the corporation paid all corporate debts and that none of the individual shareholders undertook anything individually. Consequently, Appellant was aware early on in the proceedings both that Ms. Zaretsky had not undertaken to bind Appellees individually for the corporate debt and that she apparently lacked the authority to do so.

¶ 13 Moreover, despite her allegation that DeSimone relied upon the promise of Appellees as an inducement to provide services to the corporation, various letters available to Appellant prior to the arbitration proceeding establish otherwise. As the trial court noted:

> On November 5, 1991[,] DeSimone wrote to the Corporation about the debt, but did not make any reference to the fact that he considered an individual responsible for the debt. The second letter dated October 15, 1992 to Philip A. Tordella (a shareholder in 1990 and [the individual] who handled the winding up of the Corporate accounts after Brian Lamb) also did not indicate that DeSimone deemed these individuals personally responsible. The letter of March 24, 1993 addressed to Mr. Korn, of Korn & Conn, is the only time an individual plaintiff is asked to submit any information about the invoices and insurance companies. This letter was written five days after the filing of the Amended Complaint and still does not manifest a belief by DeSimone that these Plaintiffs agreed to be personally liable for the debts of the Corporation. If these individual shareholders intended to be held personally liable or to be personal guarantors of the corporate debt it would have been clearly stated in the letter at issue.

Trial Court Opinion, 6/25/98, at 8. Consequently, Appellant lacked any reasonable basis to believe in the facts upon which the claim was based or to conclude that it was valid. However, she pursued it through the arbitration proceeding.

■ ¶ 14 We now turn to the question of Appellant's motive in continuing the action. As our review of the evidence demonstrates, Appellant made several references to Appellees settling the case after she filed suit. Those references commenced when Appellant responded to Appellees' demands to dismiss them from the action. With respect to Mr. Korn, they continued on every occasion that he spoke with her. As a result, the trial court reasonably could have inferred that Appellant's pursuit of the action amounted to an improper effort to extract a settlement from Appellees covering the corporate debt.

Thus, we find Appellant's challenge to the denial of her motion for judgment notwithstanding the verdict without merit. *See Broadwater, supra* (using similar analytical approach to consider the propriety of a summary judgment grant).

¶ 15 In an effort to demonstrate her entitlement to relief, Appellant points to her testimony as well as that of Ms. Zaretsky and argues that she properly continued the suit for discovery purposes. More specifically, Appellant indicates that she testified that the letter was ambiguous as to whether it contained a promise to accept individual responsibility for the corporate debt. She also points out that DeSimone resumed providing services to the corporation only after receiving the assurances contained in the letter, that her conversation with Ms. Zaretsky led her to believe that Mr. Korn had dictated it, that certain circumstances led to discovery taking place the day before the arbitration hearing, and that she did not continue the proceedings after the hearing. In addition, Appellant notes that while Ms. Zaretsky described in her deposition the conversation they had prior to the filing of the amended complaint, Ms. Zaretsky could not remember any specifics regarding it at trial. While Appellant implicitly asks us to accept this testimony in resolving her claim of error, we may not since we are required to reject *all* evidence not supporting the verdict. *See Schneider, supra.* Accordingly, it provides no basis for disturbing the trial court's denial of Appellant's request for post-trial relief.

¶ 16 Appellant also asserts that the trial court erroneously treated testimony elicited from her regarding information provided by her client as hearsay entitled to only little weight. However, as Appellant has failed to cite any authority supporting her argument, we find it waived.

Pa.R.A.P. 2119(a) (emphasis added) provides in relevant part that the argument shall be "followed by such discussion and citation of authorities as are deemed *pertinent.*" Rule 2119 contains mandatory provisions regarding the contents of briefs. We have held consistently, "Arguments that are not *appropriately* developed are waived. *Nimick v. Shuty,* 440 Pa.Super.

87, 100, 655 A.2d 132, 138 (1995); *Smith v. Penbridge Associates, Inc.,* 440 Pa.Super. 410, 427, 655 A.2d 1015, 1024 n. 12 (1995)." *Gallagher v. Sheridan,* [445] Pa.Super. [266, 270], 665 A.2d 485, 487 (1995) (footnote omitted) (emphasis added).

It is the appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984). Where the appellant has failed to cite any authority in support of a contention, the claim is waived. *Gallagher v. Sheridan, supra; see also Hercules v. Jones,* 415 Pa.Super. 449, 609 A.2d 837 (1992) (where appellant presented a position without elaboration or citation to case law, we declined to address phantom argument).

*Bunt v. Pension Mortgage Associates,* 446 Pa.Super. 359, 666 A.2d 1091, 1095 (1995).

¶ 17 Moreover, even if we considered the merits of Appellant's argument, we would find it devoid of merit. While Appellant essentially challenges the weight accorded to portions of her testimony, it is clear that the trial court possessed the authority to assign the weight it felt appropriate to that evidence. The court, which sat as fact-finder, was free to believe all, part, or none of the evidence, to make all credibility determinations, and to resolve all conflicts in the evidence. *See Hodges v. Rodriguez,* 435 Pa.Super. 360, 645 A.2d 1340, 1343 (1994).

¶ 18 Judgment affirmed.