**Keystone Freight Corp. v. Stricker**

*Joseph M. Toddy,* for appellant.
*Mark S. Kardos* and *Jeffrey B. McCarron,* for appellee.

SNITE JR., *J.,* August 12, 2010—

## PROCEDURAL HISTORY

On April 24, 2000, Stanley Zalinski, an 81-year-old man, was involved in a motor vehicle accident with a tractor trailer owned and operated by Keystone Freight Corporation.

On March 22, 2002, Kardos, Rickles, Bidlingmaier & Bidlingmaier f/k/a Kardos, Rickles, Sellers & Hand (moving defendants) commenced a survival and wrongful death action against Keystone Freight and the truck driver, Abad E. Garach-Munoz, in the Eastern District of Pennsylvania on behalf of the executrix of Zalinski's estate, Susan Stricker.[1]

The underlying action was dismissed from the Eastern District of Pennsylvania due to a lack of diversity of citizenship and was transferred to Bucks County.

The parties conducted discovery until January 3, 2008. Plaintiff then filed a praecipe for jury trial.

On May 5, 6, 8, and 9, 2008, trial was held before the Honorable Robert J. Mellon and a jury.[2]

On May 9, 2008 the jury received a charge for a wrongful death claim and began deliberating.[3] That same day,

---

1. The cause of action was for negligence of the truck driver to fail to use ordinary care when backing up the truck.

2. Keystone Freight did not move for nonsuit after all evidence had been presented. (See exhibit "L." Trial transcript of May 8, 2008 attached to moving defendants' motion for summary judgment at 3-4.)

3. On the verdict sheet, the jury was asked: (1) was Keystone negligent; (2) was Keystone's negligence a factual cause of any harm to plaintiff; (3) was Zalinski negligent; (4) was Zalinksi's negligence a factual cause of harm to Zalinksi, (5) the comparative negligence of each party; (6) and the total amount of damages. (See exhibit "M." Verdict sheet attached to moving defendants' motion for summary judgment at 15, 24, 26-28.)

the jury returned a unanimous verdict in favor of Keystone Freight.[4]

On September 4, 2008, Keystone Freight commenced the above-captioned action against moving defendants for wrongful use of civil proceedings.

## FACTUAL HISTORY

On the morning of April 24, 2000, Stanley Zalinksi was driving to the Oxford Valley Mall in Bucks County. (Defendants' motion for summary judgment, exhibit "B" at ¶8; exhibit "C".) The operator of the tractor trailer in question, Mr. Garach-Munoz, backed into Mr. Zalinski's lane of travel. (Defendants' motion for summary judgment, exhibit "C".) An eye witness, Amy Gerth, heard the decedent's engine accelerate and saw the decedent's car collide with the rear driver's side of the tractor trailer. (*Id.*)

Mr. Zalinski was transported to the hospital and later pronounced dead. (*Id.*) Dr. Raafat Ahmad performed an autopsy on Mr. Zalinski and concluded that Mr. Zalinski had died of natural causes due to "[a]cute cardiac arrhythmia due to severe atherosclerotic heart disease." (Defendants' motion for summary judgment, exhibit "D".)

Officer Michael Lubold, of the Middletown Township Police Department, investigated the accident and interviewed Ms. Gerth and the truck driver. (Defendants' motion for summary judgment, exhibit "C".) Officer Lubold concluded that Mr. Zalinski fell unconscious, as

---

4. See *id.* at 79. The jury found that Keystone Freight was not negligent and did not reach the question of causation.

a result of a heart attack, and pressed on the accelerator pedal, which propelled his car down the trafficway and into the truck. (*Id.*)

Moving defendants contacted Dr. Richard Callery, chief medical examiner in the State of Delaware, for an opinion regarding Mr. Zalinski's death. (Defendants' motion for summary judgment exhibit "G".) Dr. Callery reviewed the autopsy report, the toxicology report, the coroner's report, a report by James C. Halikman, an accident reconstruction specialist, the photographs of the accident scene, and the photographs taken during autopsy. (*Id.;* defendants' motion for summary judgment, exhibit "F".) Dr. Callery opined that "Mr. Zalinski died of multiple blunt force injuries and the manner of his death is accidental." (*Id.*)

Moving defendants then sent Dr. Callery's report to the Bucks County Coroner's Office to review the case. (Defendants' motion for summary judgment, exhibit "A" at ¶22.) The Bucks County Coroner, Dr. Joseph P. Campbell, sent the file to Dr. Halbert E. Fillinger, of Forensic Associates of Philadelphia, for an independent analysis. (Defendants' motion for summary judgment, exhibit "I".) Dr. Fillinger agreed with Dr. Ahmad's findings that Mr. Zalinksi had died of natural causes due to a cardiac episode. (*Id.*)

On February 13, 2002, moving defendants' attorney, Michael Sellers, Esquire, conducted a telephone conference with Dr. Campbell. The last paragraph of the memo memorializing this phone conversation references Dr. Fillinger's report and states "[w]e have to see [his report], and send it to Dr. Callery for his review before evaluating whether we even have a case at this point, given Mr.

Fillinger's reputation." (Keystone Freight's answer to the motion for summary judgment, exhibit "Q".)

Mr. Callery rendered a supplemental expert report stating that his opinion regarding Mr. Zalinski' s cause of death remained unchanged—he still believed that Mr. Zalinski had died from the accident, not heart failure. (Defendants' motion for summary judgment, exhibit "J".)

## DISCUSSION

My granting of summary judgment in favor of moving defendants against Keystone Freight's claim was correct because Keystone Freight failed to produce evidence essential to the cause and could not satisfy the elements of a wrongful use of civil proceedings claim. A motion for summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to judgment as a matter of law." *Marks v. Tasman,* 527 Pa. 132, 134, 589 A.2d 205, 206 (1991). Pa.R.C.P. 1035.2 provides that:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as matter of law . . . if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

The burden of proving the existence of material fact is on the non-moving party. *Washington v. Baxter,* 553

Pa. 434, 441, 719 A.2d 733, 737 (1998). Here, during discovery, Keystone Freight presented no evidence that would require submission to a jury because it was unable to establish the elements of the Dragonetti action.

In order for Keystone Freight to have succeeded in a Dragonetti action, it must have alleged and proved the following three elements: (1) that the underlying proceedings terminated in its favor; and, (2) that the defendants caused those proceedings to be instituted without probable cause; and, (3) that the proceedings were instituted for an improper purpose. 42 Pa.C.S. §8351(a), see also, *Nise v. Nise,* 2008 Phila. Ct. Com. Pl. LEXIS 93, *6 (Pa. C.P. 2008) (citing *Bannar v. Miller,* 701 A.2d 232, 238 (Pa. Super. 1997)).

To constitute a favorable termination, the reason for termination should connect to the alleged absence of probable cause. Simply because a party does not prevail on the evidence does not mean the suit was brought improperly. *Laventhol & Horwath v. First Pennsylvania Bank N.A.,* 18 Phila. 580 (Pa. C.P. 1988), *aff'd,* 398 Pa. Super. 652, 573 A.2d 626 (1990). Accordingly, Keystone Freight failed to meet this element because the jury's finding of no negligence on Keystone Freight's behalf does not relate to the failure of probable cause alleged by plaintiff. Keystone Freight's allegations of wrongful use of proceedings related to the cause of Mr. Zalinski's injuries.[5] Therefore, because Keystone Freight cannot connect the reason for termination of the underlying proceeding and the lack of probable cause alleged, the granting of summary judgment should be affirmed.

---

5. The jury did not even reach this question because of their finding that Keystone Freight and the driver were not negligent.

Furthermore, Keystone Freight cannot establish that moving defendants lacked probable cause in initiating the underlying suit. It is the plaintiff's burden to prove that the lawyer acted without probable cause. *Cosmas v. Bloomingdales Bros. Inc.,* 442 Pa. Super. 476, 484, 660 A.2d 83, 86 (1995). 42 Pa.C.S. §8352 outlines the standard for probable cause:

"A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

"(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

"(2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

"(3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party."

Here, the burden rests with Keystone Freight, and Keystone Freight is unable to sufficiently show a lack of probable cause. Keystone Freight's answer to the motion for summary judgment does not proffer any evidence which justifies a claim for lack of probable cause. Keystone Freight's sole contention is that the memorandum of moving defendants' counsel solidifies that moving defendant "knew or should have known" that their case was meritless. however, this contention is taken out of context of the entire memorandum written by Mr. Sellers.

In the memorandum, Mr. Sellers explicitly writes that he will look into the matter further. At which point, Mr. Sellers contacts Mr. Callery again, and Mr. Callery writes a supplemental report in which he maintains his previous medical assessment that Mr. Zalinski died from blunt force injuries. Therefore, moving defendants' had sufficient probable cause that their claim could be successful.

Keystone Freight further maintains that because of its medical experts and the police officer stating that Mr. Zalinski was dead or unconscious before the crash, moving defendants should have known that their underlying claim lacked probable cause. However, this argument fails too because moving defendants had the expertise of Mr. Callery supporting their contention which made their claim cognizable. But for the ability of experts to stand in opposition, the civil, legal world would be at best exceptionally uncontroversial and at worst unneeded. Furthermore, Keystone Freight has not provided any evidence to contend that moving defendants knew their claim was meritless.

Additionally, appellant cannot prove that moving defendants filed the underlying law suit with intent to harass or injure Keystone Freight. Improper purpose does not exist if the attorney "acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim." *Korn v. Epstein,* 727 A.2d 1130, 1133 (Pa. Super. 1999). Here, defendants moved forward with the underlying claim in an effort to properly adjudicate their demands. Moreover, as evidenced in defendants' motion for summary judgment exhibit "N," there is no previous relationship between the parties which would have established a malicious or improper motive in the initiation

of the underlying claim. Throughout depositions for the above-captioned action, Keystone Freight was unable to identify any recoverable past or future damages for loss of reputation or business. (See defendants motion for summary judgment, exhibit "N".) Therefore, Keystone Freight cannot establish an improper purpose in moving defendants bringing about the underlying claim.

## CONCLUSION

Because Keystone Freight has not proffered any evidence throughout the discovery and post-motion phases which would render a need for jury determination, summary judgment should be affirmed. Specifically, Keystone Freight could not satisfy the elements of a Dragonetti action because Keystone Freight could not establish that the moving defendants brought the above-captioned action without probable cause. Considering that moving defendants believed they had a cause of action by way of their medical expert, summary judgment was appropriate because Keystone Freight did not have a claim.