J-A33014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| PENN SECURITY BANK & TRUST COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDMUND LEIZENS AND LITICIA LEIZENS | |
| Appellants | No. 722 EDA 2014 |

Appeal from the Order Entered February 18, 2014
In the Court of Common Pleas of Pike County
Civil Division at No(s): 809-2013

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED FEBRUARY 03, 2015**

Edmund and Liticia Leizens appeal from the order entered in the Court of Common Pleas of Pike County granting Penn Security Bank and Trust Co.'s ("Penn Security") motion for summary judgment.  After careful review, we affirm.

This case arises from a commercial loan between Penn Security and an LLC operated by Edmund Leizens and Liticia Leizens, known as Our House Publications.  In April of 2008, Penn Security agreed to provide a commercial loan to Our House Publications for $60,000 for a term of ten years at an interest rate of 6.99%.  Simultaneously, Penn Security provided to Our

_____

[*] Retired Senior Judge assigned to the Superior Court.

House Publications an additional $60,000 as a commercial credit line. This loan had a term of one year and an interest rate of 5.25%.

In March of 2010, Penn Security contacted the Leizens, as the owners of Our House Publications, and demanded repayment of the entire $60,000 line of credit. Thereafter, in April of 2010, Penn Security proposed merging both the commercial loan and the credit line and forgoing immediate payment of the $60,000 credit line. In return, the Leizens would need to guarantee the merged loan with a mortgage secured against their residence. The Leizens agreed and executed a promissory note on June 28, 2010.

At some point, Penn Security came to believe that the Leizens had ceased or missed their payments on the loan and provided notice to them on March 27, 2013. Thereafter, Penn Security filed a complaint in foreclosure on May 21, 2013, alleging that the Leizens were in default on their mortgage payments and Penn Security was entitled to judgment in the amount of $103,558.70. The trial court scheduled a mortgage foreclosure diversion conference for July 23, 2013.

On September 5, 2013, the Leizens filed a *pro se* answer and new matter. The new matter alleged that Penn Security had used duress to coerce the Leizens into signing the mortgage. Penn Security replied on September 20, 2013, and then filed a motion for summary judgment on October 10, 2013. On November 12, 2013, the Leizens filed a counseled brief in opposition to summary judgment. The trial court held oral argument on November 18, 2013. On February 18, 2014, the trial court granted

summary judgment. The Leizens filed a motion for reconsideration on February 28, 2014, which the trial court denied on March 3, 2014. This timely appeal followed.

On appeal, the Leizens present the following issues for our review:

1. Was the granting of the Motion for Summary Judgment an error in that it failed to comply with the Procedural Rules and controlling precedent providing the standard for the granting of the Motion for Summary Judgment?

2. Did the court err in not taking into account the affidavits filed by the Leizens in this matter which set forth material facts that are in dispute?

3. Is the court's reliance on **Phaff v. Gerner**, 303 A.2d 826 (Pa. 1973), an error and did the court's granting a Motion for Summary Judgment preclude the ability to engage in discovery in that no discovery was engaged in or is now possible?

4. Is the court's reliance on the form of the *pro se* pleadings and demand for specificity an error in that no issues of fraud were alleged and the Leizens' *pro se* pleadings were a concise summary of fact as required by the Rules of Civil Procedure?

5. Is the court's conclusion that the pleadings are contradictory, based upon an assumption of what the Leizens' "must have known" where such a presumption is speculative and an improper basis in that no Evidentiary Hearing was held an error given that the Leizens' knowledge or state of mind could not have been determined and the court was bound to resolve all disputes in favor of the Defendants?

6. Is the trial court's reliance upon case law involving business obligations an error since as is evident by the Complaint's caption the Leizens are individual persons?

7. Is the court's conclusion that the Leizens were barred from raising a defense in this action because they did not file a separate action prior to the foreclosure action challenging the validity of the line of credit an error since it is contrary to the

principles of law and of pleading and is not supported by controlling precedence?

8. Is the court's reliance on the Briefs for Factual Matters an error in that pursuant to Pennsylvania Rules of Civil Procedure a Brief is not by definition a Pleading for the purposes of a Motion for Summary Judgment? [sic]

Brief of Appellant, at 5-6.

As a preliminary matter, we note that, "[i]t is the appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has failed to cite any authority in support of a contention, the claim is waived." *Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa. Super. 1999) (quotations and citations omitted). *See also* Pa.R.A.P. 2119(a) (argument shall be followed by discussion and citation of authorities); *Jones v. Jones*, 878 A.2d 86, 90-91 (Pa. Super. 2005) (arguments not appropriately developed include failure to cite authority in support of contention; arguments not appropriately developed are waived).

Instantly, the Leizens set forth eight errors in their brief; however, the only case law cited references the standard of review for granting a motion for summary judgment. The remaining arguments are based largely on the Leizens' contention that the trial court ignored or misapplied facts of record in entering summary judgment. Therefore, we will review the Leizens' averment that the trial court erred when it granted Penn Security's motion for summary judgment, but find their other arguments waived. *Korn*, *supra*.

Our standard of review of an order granting summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (citations omitted).

In support of their contention that the trial court erred in granting summary judgment, the Leizens argue that the court erroneously concluded that their denials to averments 6, 8, 9, and 12 in Penn Security's complaint constituted admissions. We disagree.

Pa.R.C.P. 1029 provides in relevant part:

**Rule 1029. Denials. Effect of Failure to Deny.**

> (a) A responsive pleading shall admit or deny each averment in the preceding pleading or any part thereof . . .

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

*Id.* The note to this rule is instructive: "Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. **See Cercone v. Cercone**, 386 A.2d 1 (Pa. Super. 1978)." Pa.R.C.P. 1029(c) Note.

Indeed, this Court has held that in a mortgage foreclosure action, a mortgagor's general denial in the answer to allegations in the complaint must be considered an admission under Pa.R.C.P. 1029(b) and (c). **First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 692 (Pa. Super. 1995). Specifically, we found that if a mortgagor does not respond to allegations in the complaint regarding default and the amount due with specificity in his answer, the mortgagor will be deemed to have admitted the allegations of default and the amount due in the complaint. *Id.* Furthermore, general denials by a mortgagor that he is without sufficient information to form a belief as to the truth of allegations regarding the principal and interest owing on a mortgage are considered admissions because apart from the mortgagee, the mortgagor is the only party who has sufficient knowledge on which to base a specific denial. **See Strausser**, *supra* citing **N.Y.**

- 6 -

*Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987).

Here, the trial court concluded that there were no genuine issues of material fact; therefore, Penn Security was entitled to judgment as a matter of law. In reaching its conclusion, the trial court found that the Leizens' responsive pleading was deficient under Pa.R.C.P. 1029. Specifically, the trial court found that the Leizens' denials to allegations 6, 8, 9, and 12 in the complaint amounted to general denials and demands for proof under Pa.R.C.P. 1029(c), which constituted admissions under Pa.R.C.P. 1029(b). As the trial court explained,

> The sixth paragraph denies as a conclusion of law that the [Leizens] executed a real estate mortgage on the property and delivered it to [Penn Security], therefore denying a factual allegation as a legal conclusion. In their New Matter, moreover, the [Leizens] aver that "the mortgage in question was entered into under duress" and that the "mortgage in question is a contract of adhesion." These averments seemingly contradict the [Leizens'] initial denial in paragraph 6 by confirming the existence of a mortgage.
>
> * * *
>
> Paragraph twelve of the [Leizens'] Answer, as an example, indicates that they may owe some money to [Penn Security]. Paragraph eight, by contrast, denies that a default occurred, which would ameliorate the very reason the [Leizens] allegedly owe an outstanding balance to [Penn Security]. Paragraph nine does not add clarity to the response, only denying [Penn Security's] averment "as stated." Consequently, this [c]ourt found that these were general denials that failed to specifically address [Penn Security's] allegations. The only thing these denials did was indicate that [Penn Security's] averments were denied.

Trial Court Opinion, 5/2/14, 9, 11.

We agree with the trial court that the Leizens' sixth, eighth, ninth and twelfth averments functioned as admissions. ***Strausser***, ***supra***. Furthermore, there was no indication within the Leizens' answer and new matter that they intended these averments to be pleadings in the alternative. Even after acquiring counsel and filing a brief in opposition to summary judgment and a motion to reconsider, this argument was still never raised.

Through their ineffective denials and improper claims of lack of knowledge, the Leizens admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions. Accordingly, we discern no error in the trial court's application of law, nor do we find that the trial court abused its discretion in granting Penn Security's motion for summary judgment. ***Murray***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2015