J-S16030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KEVIN F. DUNCAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LAVERNE T. DUNCAN | : | |
| | : | |
| Appellant | : | No. 1521 WDA 2016 |

Appeal from the Order Dated September 6, 2016
In the Court of Common Pleas of Blair County
Civil Division at No(s):  2012 GN 3536

BEFORE:   MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 26, 2017**

Appellant, Laverne T. Duncan, appeals from the order entered September 6, 2016, which granted the parties a divorce and directed equitable distribution of the parties' marital property.  We affirm.

The parties were married in May 2001.  The parties separated in February 2011.  This was the first marriage for Wife and the third marriage for Husband.  No children were born of this union.  In November 2012, Appellee, Kevin F. Duncan filed a Complaint in Divorce.  Appellant filed a counterclaim agreeing that the marriage was irretrievably broken and seeking entry of a final decree in divorce, equitable distribution of marital

_____

[*] Retired Senior Judge assigned to the Superior Court.

property, alimony, alimony pendente lite, spousal support, counsel fees and costs.

In January 2015, Appellee filed a motion for appointment of a hearing master. Following hearings, the master filed her Report and Recommendation on February 29, 2016. Appellant filed exceptions, and the trial court heard argument on March 18, 2016. Thereafter, in September 2016, the trial court issued its Opinion and Order ruling on Appellant's exceptions and entered a Decree in Divorce. Appellant subsequently filed a Motion for Reconsideration. In October 2016, the trial court entered an order modifying the September 2016 order, wherein Appellant's payments for equitable distribution to Appellee were contingent upon Appellee's payment on the support arrearages, but otherwise denying Appellant's Motion for Reconsideration.

Appellant timely appealed and filed a court ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues for review:

I.    Whether the trial court erred and/or abused its discretion in crediting Husband with 100% of the mortgage and home equity line of credit payments he made for the marital residence after the parties' separation.

II.   Whether the trial court erred and/or abused its discretion by not assessing Husband with the obligation to reimburse Wife for his draws on the home equity line of credit at and after the time of the parties' separation.

III.  Whether the trial court erred and/or abused its discretion in offsetting Husband's payments on the home equity line

of credit against his draws on the said line of credit at and after the time of the parties' separation.

IV. Whether the trial court erred and/or abused its discretion in not giving Wife credit for her post separation mortgage payments made by cashing in her pre-marital certificates of deposit.

V. Whether the trial court erred and/or abused discretion in valuing Wife's jewelry by averaging the original purchase price of the jewelry with its current private party value.

VI. Whether the trial court erred and/or abused its discretion in denying Wife's claim for alimony under all of the facts and circumstances of this case.

VII. Whether the trial court erred and/or abused its discretion in denying Wife's request for costs and counsel fees under all of the facts and circumstances of this case.

VIII. Whether the trial court erred and/or abused its discretion in ordering a resolution of the economic claims in this case that fails to effectuate economic justice between the parties as required by the Divorce Code.

Appellant's Brief at 10-11.

A trial court has broad discretion when fashioning an award of equitable distribution. *Dalrymple v. Kilishek*, 920 A.2d 1275, 1280 (Pa. Super. 2007). Our standard of review when assessing the propriety of an order effectuating equitable distribution of marital property is "whether the trial court has abused its discretion by misapplication of the law or failure to follow proper legal procedure." *Smith v. Smith*, 904 A.2d 15, 19 (Pa. Super. 2006) (citation omitted). We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. *Id.* This Court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly

- 3 -

unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." ***Wang v. Feng***, 888 A.2d 882, 887 (Pa. Super. 2005).

In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. ***Id.*** "[W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." ***Schenk v. Schenk***, 880 A.2d 633, 639 (Pa. Super. 2005) (citing ***Hayward v. Hayward***, 868 A.2d 554, 557-58 (Pa. Super. 2005)).

Appellant first claims that the trial court abused its discretion by crediting Appellee with 100% of the mortgage and home equity line of credit ("HELOC") payments he made for the martial residence after the parties' separation. Appellant argues that the obligations were joint marital obligations and the Master's recommendation would entitle Appellee to receive a 50% credit for Appellant's share of mortgage and HELOC payments.

"It is within the discretion of the trial court to grant rental value as a part of equitable distribution." ***Trembach v. Trembach***, 615 A.2d 33, 37 (Pa. Super. 1992) (citations omitted). In deciding whether to award rental value a trial court must first apply the general rule "that the dispossessed party is entitled to a credit for the fair rental value of the jointly held marital property against a party in possession of that property, provided there are no equitable defenses to the credit." ***Id***. Here, Appellant had exclusive

possession of the marital residence. Thus, we discern no abuse of discretion in the trial court's conclusion that Appellee was entitled to rent in the amount of half of the monthly payments. *Id*.; Trial Court Opinion, 9/7/16 at 5.

Appellant's second and third claims both assert errors in the trial court's determinations regarding Appellee's withdrawals on the HELOC, as such we will address them together. Appellant's claims challenge the court's factual determinations. Specifically, Appellant asserts that prior to the parties' separation the balance of the HELOC was $41,747.94. Thereafter, Appellee made draws against the HELOC for his own use, resulting in an increase in the principal balance owed. Appellant's Brief at 22-23. Appellant asserts that the withdrawals by Appellee totaled $9,436.92. *Id.* Appellant further asserts that the master erred in making her calculations by crediting Appellee twice for payments made on the HELOC. *Id.*

According to the trial court, Appellee withdrew $9,436.92 from the home equity line of credit between February 2011 and November 2011. Appellee made payments directly on the HELOC totaling $12,871.36, and thus the Master recommended that Appellee be awarded a credit of $3,434.44, which reflects the payments Appellee made on the HELOC in excess of the amount of his withdrawals. Trial Court Opinion at 6. As this is a challenge to the court's factual determination and we discern no abuse of discretion, this Court will not disturb the trial court's finding.

Appellant's fourth claim asserts that the trial court erred in not giving Appellant credit for her post-separation mortgage payments. Specifically, Appellant argues that she should have been credited with her post-separation mortgage payments totaling $8,498.00. Appellant's Brief at 26.

Appellant's argument on this issue is limited to one paragraph and cites no authority that would require this Court to conclude that the trial court abused its discretion on this matter. It is well established that a failure to argue and to cite to any authority supporting any argument constitutes a waiver of issues on appeal. *Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa. Super. 1999). Pa.R.A.P. 2119(a) provides in relevant part that the argument shall be "followed by such discussion and citation of authorities as are deemed pertinent."

> It is the [A]ppellant who has the burden of establishing [her] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the [A]ppellant has failed to cite any authority in support of a contention, the claim is waived.

*Id.* (citations omitted). Thus, we conclude that this issue is waived.

Absent waiver, we note the following trial court analysis:

> A spouse is not entitled to a credit for post-separation mortgage payments as a matter of right "as long as the total distributory scheme is equitable." *Schneeman v. Schneeman*, 420 Pa. Super. 65, 81 (1992). It is within the discretion of the court to credit an amount to one of the parties and take such credit into consideration when dividing the marital property. *Winters v. Winters*, 355 Pa. Super. 64, 73 (1986). Further, jointly owned property acquired in exchange for premarital property is converted into marital property. *Busse v. Busse*, 2007 Pa. Super. 100 (2007).

Trial Court Opinion at 5-6. We discern no error, as it is within the trial court's discretion to decline crediting Appellant for her post-separation mortgage payments.

Appellant's fifth issue challenges the trial court's valuation of the jewelry. The court justified its valuation as follows:

> The Divorce Code does not contain any specific method for the valuation of property. As such, this Court is given discretion to rely on the "estimates, inventories, records of purchase prices, and appraisals submitted by the parties" and is free to accept all, none, or portions of the testimony regarding the true and correct value of property." **Verholek v. Verholek**, 741 A.2d 792.

Trial Court Opinion, at 8-9. The trial court valued Appellant's jewelry at $9,813.45, averaging the appraisals of the jewelry's fair market value. Trial Court Opinion at 9. After a review of the record, we discern no abuse of discretion in the trial court's valuation of Appellant's jewelry.

Appellant's sixth claim asserts that the trial court abused its discretion in denying her claim for alimony.

> Our standard of review regarding questions pertaining to the award of alimony is whether the trial court abused its discretion. We previously have explained that "[t]he purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment are met." Alimony "is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." Moreover, "[a]limony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill."

*Moran v. Moran*, 839 A.2d 1091, 1096-97 (Pa. Super. 2003) (citations omitted).

> In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as a homemaker and the duration of the marriage.

*Anderson v. Anderson*, 822 A.2d 824, 830-31 (Pa. Super. 2003) (citations omitted); *see also* 23 Pa.C.S.A. §3701.

Appellant argues that the trial court failed to consider the vast disparity between Appellant and Appellee's incomes. Appellant further asserts that the court failed to properly consider the statutory factors in determining the amount and duration of the alimony award.

The trial court adopted the Master's findings regarding alimony. Trial Court Opinion at 12. Specifically, the trial court noted that:

> [T]he decision to deny alimony is bolstered by the fact that Wife has already received alimony for three years after a ten year marriage and has not in that time taken steps to increase her own earning potential. Additionally, the fact that Wife loaned Husband $40,000.00 provides circumstantial evidence that she possesses individual assets of value. This Court has also conditioned Wife's equitable distribution payments upon Husband's payment of support arrearages to Wife.

Trial Court Opinion at 13. Appellant's issue is without merit; it is evident from the record that the trial court considered the required factors in denying Appellant's request for alimony.

- 8 -

Appellant next claims that the court erred in denying her request for costs and counsel fees. Appellant submitted billing from her counsel indicating that a balance of $7,177.00 was due. Again, Appellant fails to cite any legal authority in support of her claim. Furthermore, as the trial court noted, counsel fees are not awarded automatically. Trial Court Opinion at 13. The spouse seeking counsel fees must show actual need to justify the award. *Teodorski v. Teodorski*, 857 A.2d 194, 201 (Pa. Super. 2004) (citing *Harasym v. Harasym*, 614 A.2d 742, 747 (1992)). Appellant fails to show an actual need for attorney's fees; thus, we discern no abuse of discretion in the trial court's finding.

Appellant's final claim is that the trial court failed to effectuate economic justice as required by the divorce code. *See* 23 Pa.C.S.A. § 3102(a)(6). Appellant asserts that the trial court's ruling saddled her with obligations she could not pay. Appellant's Brief at 33.

Trial courts have broad discretion in fashioning equitable distribution awards, and we will overturn an award only for an abuse of that discretion. *Oaks v. Cooper*, 638 A.2d 208, 211 (Pa. 1994) (citing *Hovis v. Hovis*, 541 A.2d 1378 (Pa. 1988)). The Divorce Code states that the trial court

> [S]hall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such proportions and in such manner as the court deems just after considering all relevant factors . . . .

23 Pa.C.S §3502(a). While the statutory factors provide a framework for equitable distribution, this Court has explained:

> [T]here is no simple formula by which to divide marital property. The method of distribution derives from the facts of the individual case. The list of factors of [Section 3502(a)] serves as a guideline for consideration, although the list is neither exhaustive nor specific as to the weight to be given the various factors. Thus, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions.

*Gaydos v. Gaydos*, 693 A.2d 1368, 1376 (Pa. Super. 1997). Finally, in determining the value of marital property, the court is free to accept all, part, or none of the evidence as to the true and correct value of the property. *Litmans v. Litmans*, 673 A.2d 382, 387 (Pa. Super. 1996) (citing *Aleto v. Aleto*, 537 A.2d 1383 (Pa. Super. 1988)).

After a thorough review of the record, the briefs of the parties, and the applicable law, we conclude that Appellant's issue merits no relief. The trial court, in adopting the Master's recommendations, properly considered all of the Section 3502 factors for equitable distribution. *See* Trial Court Opinion at 14-15, *see also* Master's Report and Recommendation, 2/29/16 at 36-43.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 10 -

J-S16030-17


Date:  5/26/2017