J-S50031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| R.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K. S. | : | No. 2948 EDA 2016 |

Appeal from the Order August 19, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2007-31635,
PACSES#792109797

BEFORE:  PANELLA, MOULTON, and RANSOM, JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 02, 2017**

R.S., ("Mother") appeals from the August 19, 2016,[1] support order entered in the Montgomery County Court of Common Pleas, which ordered K.S. ("Father") to pay support to Mother for the parties' two minor children. After careful review, we affirm.

Mother and Father were married in January 1999, and have two minor children, H.S. born in January of 2000, and A.S. born in April of 2004 (collectively, "the Children").[2]  In December 2007, Father filed a complaint in divorce.  Prior to the parties' divorce, Father moved to Anchorage, Alaska with

---

[1] While the trial court dated the order August 18, 2016, it was docketed the next day, August 19, 2016.  Therefore, we refer to the order as having been entered on August 19, 2016.

[2] We derive these facts from this Court's memorandum.  *Spone v. Spone*, 108 A.3d 99 (Pa. Super. 2014) (unpublished memorandum).

his girlfriend. In November 2009, the divorce decree was entered. In July 2010, Father filed a Motion for Reconsideration of the Supplemental Support Memorandum, the trial court granted several of Father's requests and reduced his contribution to the Children's private school. In August 2010, Father appealed the trial court's order, which this court dismissed for failure to include pertinent transcripts in the certified record. *Spone v. Spone*, 29 A.3d 842 (Pa. Super. 2011) (unpublished memorandum). In April 2013, Father again appealed to this Court, challenging both the support order and a supplemental support order entered in March 2013. This Court affirmed in part, and remanded with instructions for the trial court to address Father's health insurance contribution. *Spone v. Spone*, 108 A.3d 99 (Pa. Super. 2014).

The trial court summarized the relevant facts and procedural history as to the instant appeal as follows:

> On January 13, 2015, a hearing was held in this matter before a Conference Officer in Support in the Domestic Relations Section of the Court of Common Pleas, Montgomery County on [Father's] Petition to Modify Support filed March 3, 2014. A support order was issued on March 2, 2015, [Mother] filed Exceptions to the Recommendation of the Conference Officer/Support Order.
>
> On November, 10 2015 and May 6, 2016, hearings were held before the court on [Mother's] support exceptions. Both parties were present at the November 10, 2015, hearing, but [Father] who lives in Alaska, testified by telephone at the May 6, 2015 hearing.[FN1]…
>
> > [FN1] Following the November 10, 2015 hearing, the court took the support matter under advisement. On November 23, 2015, [Mother] filed an Emergency Motion to Reopen the Record for Additional Testimony

Regarding [Father's] Business Income Earnings. On April 1, 2016 the court granted the motion and the support exceptions were scheduled for additional testimony on May 6, 2016.

On August 18, 2016, the court issued an order as follows:

AND NOW, this 18th day of August, 2016, upon consideration of [Mother's] March 20, 2015 Support Exceptions and [Mother's] April 15, 2016 Petition for Contempt, following hearings on November 10, 2015 and May 6, 2016, and upon consideration of [Mother's] November 23, 2015 Memorandum of Law, [Father's] December 10, 2015 correspondence to the Court, [Mother's] May 10, 2016 Supplemental Memorandum of Law, and [Father's] May 16, 2016 correspondence to the Court, it is hereby ORDERED and DECREED as follows:

[Mother's] Support Exceptions are GRANTED as follows:

[Father] shall be held to an income/earning capacity of $3,806.00 per month (based on his salary/earnings as stated in his 2013 federal tax return).

[Mother] shall be held to an income/earning capacity of $2,661.00 per month.

Based on the above monthly amount, [Father's] monthly support obligation is as follows:

$913.00 per month for two children

$185.17 per month for medical insurance provided by [Mother]

$1,098.17 per month TOTAL

Unreimbursed medical expenses are to be paid as follows:

59% by [Father] and 41% by [Mother].

[Mother's] request to reinstate [Father's] support obligation for parochial school, summer camp, and childcare is DENIED.

All other terms and conditions of the March 2, 2015 support order shall remain in full force and effect.

[Mother's] April 15, 2016 Petition for Contempt is GRANTED. [Father] shall pay a fine of $500.00 as a sanction for failing to comply with the [c]ourt's April 1, 2016 order. Payment may be made at the Montgomery County Prothonotary Office in the Montgomery County Courthouse.

Trial Court Opinion, 12/16/16, at 1-2 (some footnotes omitted).

In September 2016, Mother timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Mother raises the following issues for review:

1. Whether the [t]rial [c]ourt erred in reducing Mother's child support where Father intentionally and willfully failed to comply with a Court Order and produce his personal and business tax returns and therefore, concealed his earnings and ownership in his business?

2. Whether the [t]rial [c]ourt erred in reducing Mother's child support where the [c]ourt did not use the correct income and earnings for Mother and had no evidence of Father's true income and earnings?

3. Whether the [t]rial [c]ourt erred in finding Father in contempt and only sanctioning Father $500 for his intentional and willful concealment of his earnings and failures and refusals to obey an Order of Court and produce his income and earnings?

Mother's Brief at 1.

Our standard of review in child support cases is well settled:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to

support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 854 (Pa. Super. 2012) (quoting *Brickus v. Dent*, 5 A.3d 1281, 1284 (Pa. Super. 2010)).

Mother first asserts that Father perjured himself during testimony and purposefully withheld complete information about his income, including his tax returns. Thus, according to Mother, the trial court erred in reducing Father's support obligation. Mother's Brief at 6. However, the trial court notes:

> The March 2, 2015 support order directed that [Father] pay [Mother] $1,029.17 in child support. [Mother] filed exceptions to that order. Following hearings on [Mother's] support exceptions, the court issued its findings and decision in the August 18, 2016 order. The court's August 18, 2016 support order directed that [Father] pay [Mother] $1,098.17 in child support, an increase in [Father's] support obligation of $69.00 per month. Therefore, the court did not "err" in reducing [Mother's] child support; the court, in fact, increased her child support. Furthermore, based on the evidence and testimony presented in this matter, the court increased [Father's] net income for purposes of calculating his support obligation from $3,444.00 per month, as stated in the March 2, 2015 support order to $3,806.00 per month, as stated in the court's findings in the August 18, 2016 order.

Trial Court Opinion at 5.

Furthermore, at the hearing, Mother did not object to proceeding without the tax returns. The trial court noted that Mother's counsel did not argue that the court could not render a decision without the court-ordered discovery. Trial Court Opinion at 5. In fact, trial counsel stated that the court could "close the record". *Id.* citing Notes of Testimony 5/6/16 at 46. Thus, we find this issue waived. *See Fillmore v. Hill*, 665 A.2d 514, 516 (Pa.

Super. 1995) ("[W]e note that in order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court." (citation omitted)).

Mother's second and third issues are also waived. The second issue presented in the argument section of Mother's brief poses whether the lower court had a duty to investigate Father's earnings. Mother's Brief at 19. The third issue posed in the argument section states that Father had the burden to prove changed circumstances. Mother's Brief at 22. Neither of these issues were raised in Mother's Statement of Questions Involved, nor in her 1925(b) statement. *See Jahanshahi v. Centura Dev. Co.*, 816 A.2d 1179, 1189 (Pa. Super. 2003) ("Claims which have not been raised in the trial court may not be raised for the first time on appeal."); *see also* Pa.R.A.P. 302(a). As Mother failed to properly raise these claims, we decline to review them.

Furthermore, the second and third issues raised in the Questions Presented portion of Mother's brief are not addressed at all in the Argument section. It is well established that a failure to argue and to cite to any authority supporting any argument constitutes a waiver of issues on appeal. *Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa. Super. 1999). Pa.R.A.P. 2119(a) provides in relevant part that the argument shall be "followed by such discussion and citation of authorities as are deemed pertinent."

> It is the [A]ppellant who has the burden of establishing [her] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the [A]ppellant has failed to cite any authority in support of a contention, the claim is waived.

- 6 -

*Id.* (citations omitted). Thus, we conclude that these issues are waived.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: *10/2/2017*