J-A32021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ACNB BANK & ITS SUCCESSORS IN INTEREST TO THOMAS AND THERESA HAMILTON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| REAM PROPERTIES, LLC AND ROBERT L. PAULETTA JR. | : : : : | No. 1063 MDA 2017 |
| APPEAL OF: ROBERT L. PAULETTA JR. | : | |

Appeal from the Judgment Entered June 23, 2017
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 12-7363 Civil Term

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED NOVEMBER 16, 2017**

*Pro se* Appellant, Robert L. Pauletta Jr., appeals from the Judgment entered against him, personally, in the amount of $120,000, plus attorney's fees of $4,100, in the Cumberland County Court of Common Pleas. Due to the failure of Appellant's Brief to conform to the Pennsylvania Rules of Appellate Procedure, we are unable to provide meaningful review. We, thus, dismiss the Appeal.

The facts are unnecessary for our disposition. Appellant's status as a *pro se* litigant does not relieve him "of his duty to properly raise and develop his appealable claims." ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327, 337 (Pa. Super. 1999). "Although this Court is willing to liberally

_____
* Retired Senior Judge assigned to the Superior Court.

construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Wilkins v. Marsico***,* 903 A.2d 1281, 1284–85 (Pa. Super. 2006). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014); *accord* **Commonwealth v. Blakeney**, 108 A.3d 739, 767 (Pa. 2014).[1]

An appellant's brief "must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010). In the case *sub judice*, Appellant's Brief does not identify where in the record the arguments were preserved before the trial court. **See** Pa.R.A.P. 2117(c); **see also** Pa.R.A.P. 302, 2119(e). The sum and substance of the argument section of Appellant's Brief is one paragraph of conclusory statements. Appellant provides no analysis or citation to legal authority. In order for this Court to provide meaningful review, the argument must include a "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Furthermore, "[w]here the appellant has failed to cite any authority in support of a contention, the claim is waived." **Korn v. Epstein**, 727 A.2d 1130, 1135 (Pa. Super. 1999).

---

[1] "Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." **Kanter v. Epstein**, 866 A.2d 394, 400 n.6 (Pa. Super. 2004).

***See also Wilkins***, 903 A.2d at 1284 (this Court may dismiss appeal for failure to conform to rules of appellate procedure).

Accordingly, we dismiss the appeal. ***See also*** Pa.R.A.P. 2101.

Judgment affirmed. Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017